UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

THE STATE OF LOUISIANA                    CIVIL ACTION

VERSUS                                    NO: 12-797

AMERICAN BANKERS INSURANCE                SECTION: R
COMPANY OF FLORIDA

**ORDER AND REASONS**

Before the Court is plaintiff's motion to remand. Because the Court lacks subject matter jurisdiction in this case, the Court grants plaintiff's motion.

**I.   BACKGROUND**

For years, defendant American Bankers Insurance Company of Florida ("American Bankers") entered into state appearance bond surety contracts with plaintiff, the State of Louisiana ("Louisiana"). Pursuant to each of these agreements, American Bankers promised to pay Louisiana a sum of money should the criminal defendant (the principal on the contract) fail to appear in court. When the criminal defendants failed to appear, Louisiana sought and obtained state court money judgments against American Bankers.

On December 21, 2011, Louisiana filed this suit against American Bankers in state court, demanding penalties and

attorney's fees under La R.S. §§ 22:1973 and 22:1892 stemming from Louisiana's difficulties in collecting these judgments. Defendant removed the case from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana to the United States District Court for the Middle District of Louisiana, which subsequently transferred the case to this Court.

Louisiana now moves the Court to remand the case to state court. It contends that this Court lacks subject matter jurisdiction and that abstention principles also justify the remand. American Bankers opposes the motion.

**II.   SUBJECT MATTER JURISDICTION**

**A.   Standard**

A defendant generally may remove a state court civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). The removing party bears the burden of showing that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). To assess whether the Court has jurisdiction, the Court considers the claims in the state court petition as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The Court construes ambiguities in favor of remand. *Id.*

**B.   Discussion**

American Bankers asserts that subject matter jurisdiction is based upon the diversity of citizenship between the parties. Diversity jurisdiction exists only when there is complete diversity of citizenship, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). American Bankers concedes that in an action in which a state is a party, "there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction." *Texas Dep't of Hous. & Community Affairs v. Verex Assurance*, 68 F.3d 922, 926 (5th Cir. 1995). Nevertheless, it contends that the State of Louisiana's citizenship must be disregarded in the jurisdictional analysis since it is a nominal party with no real interest in the dispute. *See Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985); Fed. R. Civ. P. 17(a)(1).

Under the Federal Rules of Civil Procedure, "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "The 'real party in interest' is the party who, by substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *New Orleans Public Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984), *cert. denied*, 469 U.S. 1019 (1984); *see also* 6A Wright & Miller,

*Fed. Prac. & Proc. Civ.* § 1543 (3d ed.). A federal court sitting in diversity must look to state law to determine which party holds the substantive right. *Farrell Constr. Co. v. Jefferson Parish, Louisiana*, 896 F.2d 136, 140 (5th Cir. 1990). Thus, Louisiana is the real party in interest in this action if it "holds the substantive right sought to be enforced" as a matter of Louisiana law. *Id.*

The surety bond obligations underlying the bond forfeiture judgments in this case were issued in favor of the state, pursuant to Louisiana law. *La. Code Crim. Proc.* art. 326 ("The bail obligation shall run ... in favor of the [S]tate of Louisiana, or the city or parish whose ordinance is charged to have been violated, with the proceeds to be disposed of according to law."). So, too, were the bond forfeiture judgments issued to the State.[1] It is true, as American Bankers points out, that the actual proceeds of bond forfeiture judgments are paid to the district attorney and the criminal district court of Orleans Parish under Louisiana law. *See* La. R.S. § 15:571.11(D). But the real party in interest is the party that possesses the right sought to be enforced, and *not* necessarily the party that ultimately stands to benefit from the recovery. *See New Orleans Public Serv., Inc.*, 732 F.2d at 464. Here, the statutes under which plaintiff sues provide the insured party (in this case, the

---

[1]    *See, e.g.*, R. Doc. 16-1.

State of Louisiana) with a cause of action against its insurer for any arbitrary or capricious delays in paying claims. *See* La R.S. §§ 22:1973, 22:1892.

Because the substantive right in this case belongs to the State of Louisiana, it is the real party in interest, and its presence in the case precludes the Court from exercising subject matter jurisdiction based on diversity of citizenship. Absent subject matter jurisdiction, the Court cannot consider whether the district attorney has authority to bring this case on behalf of the State, or whether abstention principles further counsel in favor of remand.

## III. CONCLUSION

For the foregoing reasons, the Court grants plaintiff's motion to remand.

New Orleans, Louisiana, this 21st day of August, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE